## IN RE MANUEL CRUZ HORTA.

No. 80.   Argued February 4, 1952.—Decided March 18, 1952.

*Manuel Cruz Horta, pro se;   J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for the People.

PER CURIAM: In the complaint filed by the *Fiscals* of this Court against Manuel Cruz Horta, attorney-at-law, the following charges are made:

"1. That on *August 5, 1946,* Manuel Cruz Horta, an attorney-at-law, authorized deed No. 21, on cancellation of mortgage, in which Benjamín Martínez Ríos appeared as Ruth Martínez Ríos's attorney-in-fact, and cancelled a mortgage credit of $3,500

plus interest in favor of the principal, even though respondent was aware that that power of attorney was not protocolized, and that it was not until *November 16, 1950* that by deed No. 49 executed before respondent himself, said power of attorney was duly protocolized.

"2. That Notary Manuel Cruz Horta authorized the aforementioned deed of cancellation of mortgage on *August 5, 1946,* in which Benjamín Martínez Ríos appears as Ruth Martínez Ríos's attorney-in-fact, even though in the same deed of cancellation of mortgage it appears that the power of attorney was granted by Ruth Martínez Ríos on *August 29, 1946,* that is, twenty-four days *after* said deed of cancellation of mortgage was executed."

In his answer respondent made the following allegations:

"2. He denied that deed No. 21 of cancellation of mortgage in which Benjamín Martínez Ríos appeared as Ruth Martínez Ríos's attorney-in-fact, before him, as notary, was executed on August 5, 1946 and, on the contrary, alleges that it was executed on September 5, 1946 and that it was reported to the District Court of San Juan in the index corresponding to that date.

"3. He accepts that from said deed of cancellation of mortgage (appearance clause) it appears that the power of attorney was executed on August 29, 1946 which shows that the deed merely contained a clerical error as to the month of its execution, which error was corrected and mentioned with the knowledge of the appearing parties upon signing the deed.

"4. He accepts that he was aware that when the aforesaid deed was executed the power of attorney in question was not protocolized.

"But that he momentarily forgot the provisions of Act No. 62 of 1937, by virtue of which no power of attorney executed outside of Puerto Rico shall be valid in the Island unless it is previously protocolized. That in so doing he actually committed this error but that he did so without a perverse or fraudulent intention and that none of the interested parties were thereby prejudiced.

"That it was at the request of respondent himself that said power of attorney was sent by his late client, Mr. Rufo Hernández to the United States for the purpose of authenticating the attorney's signature before the County Clerk and to be sent

to him afterwards in order to execute the deed of protocolization, which was subsequently done on December 14, 1950.

"That apart from forgetting the provision of Act No. 62 of 1937 already mentioned, respondent did not commit any fault which involved fraud, malice, bad faith, or perverse intention unworthy of his profession, or moral turpitude, nor did he cause prejudice to any of the interested parties and that said error rather affected the formality of the power of attorney than its essential part which authorized the attorney-in-fact to execute the deed of cancellation for which the power was used."

At the hearing the Assistant *Fiscal* introduced documentary evidence while respondent introduced both documentary and oral evidence, the case being submitted.

Although from the documentary evidence it appears that respondent issued a certified copy of deed No. 21, which is dated August 5, 1946, in the protocol of the year 1946 deed No. 21 appears as executed on September 5, the word "August" being crossed out and the word "September," interlineated, the notary having stated at the foot of the deed and above the signatures of the parties and the witnesses, the following: "Crossed out: 'August,' Interlineated: 'September.' Corrected. I attest."

Respondent explained what took place in said deed and its copy as follows:

". . . Apparently there is a disparity between the copy of the deed which is just offered and this disparity was due to a clerical error which was corrected at the time of execution in the original but not in the copy because of the haste with which it had to be sent to the Registrar. . . . Upon executing the deed, however, it bore the date August 5, when it should have been September 5. But since the certified copy was already made we forgot to correct the first copy. But it is a clerical error, for the original was corrected in my own handwriting. Due perhaps to the haste, the date was not corrected in the copy nor mentioned at the end. But in the index of the protocol the deed appears as executed on September and thus reported in the weekly index sent to the district court. But I myself made the correction in ink at the house of the executing parties at

the moment of signing the deed, but by an oversight and due perhaps to the prevailing haste I did not make the correction in the copy nor did I change the date either."

In effect, in the index of the protocol of 1946 as well as in the index of the week from September 2 to 9, 1946 sent to the District Court of San Juan it appears that deed No. 21 was executed on September 5, 1946.

We consider that the evidence shows that said deed was actually executed on September 5, 1946 and not on August 5 as it was stated in the copy issued by the respondent and which was taken to the Registrar of Property, and recorded without the Treasurer noticing that reference was made therein to a power of attorney executed on August 29, 1946, that is to say, on a subsequent date to that in which, according to the certified copy, the deed had been executed.

As to the fact that the power of attorney executed in Los Angeles, California, on August 29, 1946 by Ruth Martínez Ríos in favor of Benjamín Martínez Ríos was not protocolized before respondent until November 16, 1950 by deed No. 49 of said year, there is no controversy. Respondent explains that said power was received without the signature of the attorney who executed it being duly authenticated, and that he delivered it to his client, Mr. Benjamín Martínez Ríos, so that he would sent it back to California to be authenticated and that it was not until quite later, that is, on November 16, 1950, that it was delivered for its protocolization.

As to the facts involved in both charges the executing parties of deeds No. 21 of September 5, 1946 and No. 49 of November 16, 1950, testified to the effect that no prejudice had been caused to them by respondent's actions, and the witnesses to deed No. 21 testified that the deed was executed on September 5, 1946.

We consider that although the acts of respondent show negligence in the form of issuing the copy of deed No. 21

of September 5, 1946, without correcting the date of its execution and failing to mention it at the foot of the document as it appeared in the original [1] and also in having executed said deed without the power of attorney having been previously protocolized, since it was not proved that respondent acted with malice or that the interested parties in said deed were prejudiced in any way, said negligence should not assess the punishment of disbarment. However, we must admonish respondent cautioning him to exercise diligence in complying with his duties as notary and not to commit again such negligent acts as were shown in the present case.

The complaint is dismissed.

Mr. Justice Snyder did not participate herein.

---

[1] It must be noticed besides, that respondent did not set forth at the foot of the original deed the fact that he had issued a certified copy of the same pursuant to § 25 of the Notarial Act. This fact was not alleged by the *Fiscal* in the charges preferred against respondent.